UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| DANIEL MCGRAW and<br>SUSAN MCGRAW,<br><br>        Plaintiffs,<br><br>v.<br><br>SUPERIOR AVIATION, LTD.,<br>KUBICK AVIATION SERVICES, INC.,<br>and QBE INSURANCE CORP.,<br><br>        Defendants. | Civil Action: 1:15-CV-1424-WCG<br><br>**SUPERIOR AVIATION, LTD AND QBE INSURANCE CORP.'S PROPOSED MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to Civil L.R. 56(b)(1)(C), Defendants, Superior Aviation, LTD and QBE Insurance Corp. (hereinafter collectively referred to as "Superior"), submit the following Proposed Material Facts as to which there is no issue, and that entitle Defendants, Superior Aviation, LTD and QBE Insurance Corp., to a judgment as a matter of law:

**PROPOSED MATERIAL FACTS**

1. On May 6, 2014, Plaintiff, Daniel McGraw, while piloting his amateur-built airplane, executed a forced landing in a field near Crivitz, Wisconsin following a loss of engine power. (Doc. No. 1, Compl., ¶ 14.)

2. Mr. McGraw alleges he sustained several injuries as a result of this forced landing. (Declaration of John P. Loringer Ex. A, Pls.' Answers to Defs.' First Set of Written Interrogs. and Doc. Reqs. 9-13, Apr. 18, 2016.)

3. A post-accident examination of the aircraft by the Federal Aviation Administration ("FAA") indicated that the inlet fuel hose to the fuel pump on the engine had

come loose and was no longer attached. (Loringer Decl. Ex. B, National Transportation Safety Board Factual Report, Aug. 25, 2015.)

4. Prior to the subject accident, Mr. McGraw had delivered his airplane to Superior in late 2013 for maintenance, repairs, and a conditional inspection at its facility in Iron Mountain, Michigan. (Doc. No. 1, Compl., ¶ 11.)

5. Superior performed the requested maintenance, repairs, and inspection in late 2013 and early 2014. (Doc. No. 1, Compl., ¶ 12.)

6. A Superior work order dated December 10, 2014 details the work that Superior performed on Mr. McGraw's aircraft prior to the forced landing. (Loringer Decl. Ex. C, Superior Work Order, Dec. 10, 2013.)

7. The work performed by Superior is also detailed in the engine log book, airframe log book, and propeller log book associated with Mr. McGraw's aircraft. (Loringer Decl. Ex. D, Dupras Dep. 33:21-24, June 24, 2016.)

8. Plaintiffs allege that Superior negligently performed said maintenance, repair, and inspection; and that their damages, and Mr. McGraw's injuries, were the direct and proximate result of said negligence. (Doc. No. 1, Compl., ¶¶ 22-3.)

9. Superior denies any negligence on its part. (Doc. No. 9, Superior's Answer, ¶¶ 17-26, Jan. 4, 2016.)

10. The maintenance and repairs in question were performed by Superior's then-employee, Alex Dupras. (Loringer Decl. Ex. D, Dupras Dep. 33:21-24.)

11. Mr. Dupras is currently an employee of Defendant, Kubick Aviation Services, Inc. ("Kubick"). (Loringer Decl. Ex. D, Dupras Dep. 8:25 – 9:2.)

12. Plaintiff alleges that Kubick acquired Superior's assets and liabilities after the subject accident. (Doc. No. 1, Compl., ¶ 15.)

13. Kubick denies this allegation. (Doc. No. 12, Kubick Answer, ¶ 15, Jan. 11, 2016.)

14. At his deposition, Mr. Dupras testified that he followed the governing regulations, *i.e.* Federal Aviation Regulations ("FAR") Part 43, Appendix D; general maintenance practices; standard procedures; that he used the appropriate aircraft and maintenance manuals; and performed the maintenance, repairs, and inspection on Mr. McGraw's aircraft to specification. (Loringer Decl. Ex. D, Dupras Dep. 17:23 – 18:2, 34:25 – 42:3.)

15. Specifically, when questioned about the fuel line that was found disconnected, Mr. Dupras testified that, during the course of his inspection prior to the accident, he visually inspected the line to check for leaks and did not find any. (Loringer Decl. Ex. D, Dupras Dep. 70:23 – 72:3.)

16. He performed this inspection in accordance with his training. (Loringer Decl. Ex. D, Dupras Dep. 71:24 – 72:3.)

17. On February 7, 2014, Timothy Spreen, Superior's former director and supervisor of maintenance, who held an Inspection Authorization, certified that Mr. McGraw's aircraft "was inspected in accordance with annual condition inspection and was found airworthy for return to service." (Loringer Decl. Ex. E, Spreen Dep. 22:25 – 23:7, June 27, 2016.)

18. Mr. Spreen is currently employed as an aviation safety inspector with the FAA. (Loringer Decl. Ex. E, Spreen Dep. 6:23 – 7:1.)

19. An Inspection Authorization gives an aviation mechanic authority to sign-off on annual inspections and major repairs. (Loringer Decl. Ex. E, Spreen Dep. 9:20 – 10:2.)

20. During the inspection, Mr. Spreen visually inspected all the fuel line connections in accordance with FAR Part 43, App. D. (Loringer Decl. Ex. E, Spreen Dep. 26:25 – 27:7, 27:25 – 28:6, 40:22-23.)

21. Superior performed further maintenance and repair work after the condition inspection and eventually turned the aircraft over to Mr. McGraw on April 11, 2014. (Loringer Decl. Ex. E, Spreen Dep. 24:18 – 25:18.)

22. On April 29, 2016, Plaintiffs' expert, Matthew Lykins, issued a report in which he opined:

(i) Superior Aviation failed to properly inspect and torque the loose fuel hose fittings on McGraw's aircraft to service, which caused the fuel hose fitting to fall off during operation.

(ii) Had Superior Aviation conducted an adequate annual / condition inspection of McGraw's aircraft, the hazardous condition of the loose fuel supply hose would not have existed, and McGraw's crash would have been prevented.

(iii) Superior's failure to perform an adequate condition inspection of McGraw's aircraft in accordance with Federal Aviation Regulations denied McGraw the safety afforded him by those regulations and was a cause of his crash.

(iv) Superior's failure to perform and adequate condition inspection of McGraw's aircraft in accordance with Lancair's established inspection checklist created an unreasonably hazardous condition that was a cause of McGraw's crash.

(v) Superior Aviation's failure to adequately inspect and repair McGraw's aircraft during the condition inspection before returning it to service created an unreasonably dangerous condition that was a cause of McGraw's crash.

(Loringer Decl. Ex. F, Lykins Report 12, Apr. 29, 2016.)

23. Mr. Lykins testified that he does not know how, why, or when the subject fuel line became loose. (Loringer Decl. Ex. G, Lykins Dep. 39:1-25, June 16, 2016.)

24. Mr. Lykins' report faults Superior for not discovering the condition of the loose fuel line when it inspected Mr. McGraw's aircraft in late 2013 / early 2014. (Loringer Decl. Ex. F, Lykins Report 12.)

25. Mr. Lykins opined that Superior's visual inspection of the fuel line in this instance did not comply with the requirements of a conditional inspection as set forth in FAR Part 43, App. D. (Loringer Decl. Ex. G, Lykins Dep. 58:14-17.)

26. Mr. Lykins testified that in the absence of a visual indicator (such as a torque stripe) showing that the line had been properly connected or "torqued," Superior should have used "some sort of an instrument, typically a torque wrench, to verify as required by the checklist that that [sic] fitting is properly torque" instead of performing a visual inspection only. (Loringer Decl. Ex. G, Lykins Dep. 58:3-13.)

27. Mr. Lykins testified at his deposition that he did not see any evidence of "malicious and deliberate intent by a mechanic or mechanics to release an aircraft for return to service in an unsafe condition." (Loringer Decl. Ex. G, Lykins Dep. 48:11-18.)

28. Superior's expert, Douglas Stimpson, has opined that (1) the accident was caused by the fatigue failure/disconnection of the inlet fuel line to the engine driven fuel pump due to the use of improper materials by someone other than Superior, most likely the original manufacturer; (2) the evaluation of the materials used in connection is not part of any annual condition inspection checklist; (3) re-torqueing fuel line B-nuts during an annual/condition inspection is not required by FAR 43 App. D, or FAA AC 43.13, approved methods, techniques and practices; (4) Superior personnel completed the annual condition inspection for the subject aircraft using appropriate reference material; and (5) the signoff for the Superior annual condition inspection was appropriate. (Loringer Decl. Ex. H, Stimpson Report 8, July 1, 2016.)

29. On November 30, 2015, Plaintiffs filed their Complaint alleging two causes of action, to wit: (1) Negligence; and (2) Punitive Damage Claim. (Doc. No. 1, Compl., ¶¶ 16-26.)

30. In regard to the negligence claim, Plaintiffs allege, *inter alia*, that Superior failed to exercise ordinary care in the maintenance, repair, and inspection of Mr. McGraw's aircraft; and specifically with respect to inspecting the aircraft for "line hose and clamp leaks and for insecure attachments . . . ." (Doc. No. 1, Compl., ¶ 22.)

31. Plaintiffs' negligence claim encompasses Susan McGraw's claim for loss of society, affection, assistance, companionship, and consortium of Mr. McGraw. (Doc. No. 1, Compl., ¶ 24.)

32. Plaintiffs' punitive damages cause of action alleges that "Defendants' actions and omissions . . . demonstrate malicious actions and intentional disregard of Plaintiff's rights so as to warrant the imposition of punitive damages under Wis. Stat. § 895.043." (Doc. No. 1, Compl., ¶ 26.)

33. On March 17, 2016, Superior served Daniel McGraw with its first set of written interrogatories and requests for production of documents. (Loringer Decl. Ex. I, Superior and QBE's, First Set of Written Interrogs. and Doc. Reqs. to Pl. Daniel McGraw, Mar. 17, 2016.)

34. Interrogatory No. 14 asked Mr. McGraw to identify each and every fact upon which he relied in alleging that Superior acted maliciously or in intentional disregard of his rights so as to warrant the imposition of punitive damages under Wis. Stat. § 895.043. (Loringer Decl. Ex. I, Superior and QBE's, First Set of Written Interrogs. and Doc. Reqs. to Pl. Daniel McGraw 5.)

35. Plaintiff refused to answer and referred Superior to his Complaint. (Loringer Decl. Ex. A, Pls.' Answers to Superior and QBE's First Set of Written Interrogs. and Doc. Reqs. to Pl., Daniel McGraw 8.)

36. On August 5, 2016, Superior served Plaintiffs with requests for admission pursuant to Fed. R. Civ. P. 36. (Loringer Decl. Ex. J, Defs., Superior and QBE's, First Req.'s for Admis. and Written Interrogs., Aug. 5, 2016.)

37. The requests asked Plaintiffs to admit that: (1) Superior, at all times relevant, did not act maliciously toward Plaintiffs; (2) Superior, at all times relevant, did not act in an intentional disregard of the rights of Plaintiffs; (3) that punitive damages are not warranted in this case; and (4) Plaintiffs' Second Cause of Action – Punitive Damage Claim – may be dismissed with prejudice. (Loringer Decl. Ex. J, Defs., Superior and QBE's, First Req.'s for Admis. and Written Interrogs. 1.)

38. Plaintiffs did not respond within 30 days as provided in Fed. R. Civ. P. 36(a)(3). (Loringer Decl. Ex. K, Pls.' Answers to Defs., Superior and QBE's, First Reqs. for Admis. and Written Interrogs., Sept. 20, 2016.)

39. On September 20, 2016 (46 days after service), Plaintiff served Superior with responses, denying all requests for admission. (Loringer Decl. Ex. K, Pls.' Answers to Defs., Superior and QBE's, First Reqs. for Admis. and Written Interrogs.)

40. Plaintiffs' only fact upon which they based their denial of Superior's requests for admission is: "Superior Aviation's failure to adequately inspect and repair McGraw's airplane pursuant to 14 CFR Part 43 Appendix D." (Loringer Decl. Ex. K, Pls.' Answers to Defs., Superior and QBE's, First Reqs. for Admis. and Written Interrogs. 3)

Dated this 30th day of September, 2016.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Attorneys for Defendants Superior Aviation, LTD, and QBE Insurance Corp.


/s/ John P. Loringer
William J. Katt
State Bar No. 1001506
John P. Loringer
State Bar No. 1059778

Address:
740 N. Plankinton Avenue, Suite 600
Milwaukee, WI 53203
Phone: 414-276-8816
Fax:  414-276-8819
E:  william.katt@wilsonelser.com
E:  john.loringer@wilsonelser.com