# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| DANIEL MCGRAW, AND SUSAN MCGRAW, | )<br>)<br>) |
| Plaintiffs, | ) Civil Action: 1:15-CV-1424-WCG<br>) |
| vs. | ) PLAINTIFFS' ANSWERS TO<br>) SUPERIOR AVIATION AND QBE |
| SUPERIOR AVIATION, LTD,<br>KUBICK AVIATION<br>SERVICES, INC.,<br>QBE INSURANCE, | ) INSURANCE CORPS' FIRST SET OF<br>) WRITTEN INTERROGATORIES<br>) AND DOCUMENT REQUESTS TO<br>) THE PLAINTIFF, DANIEL MCGRAW<br>) |
| Defendants. | ) |

NOW COMES the Plaintiffs, Daniel and Susan McGraw, by their Counsel, The Cochran Firm – Wisconsin LLP and as for their Answers to Superior Aviation and QBE Insurance Corps' First Set of Written Interrogatories and Document Requests to the Plaintiff, Daniel McGraw, state as follows:

## INTERROGATORIES

**Interrogatory No. 1:** Identify the person answering these interrogatories, including Your full name (including any middle names), any aliases by which you have been known, address, date of birth and social security number, and any person(s) or entity with whom You have consulted in the preparation of Your answers to these Interrogatories.

### ANSWER TO INTERROGATORY NO. 1:

**Objection as to the request for Plaintiffs' Social Security Numbers. This information is confidential and of a highly sensitive nature, and, furthermore, is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, only the last five digits of a person's social security number is required for Medicare reporting purposes. See 9/10/14 CMS Memo entitled, "ALERT: Change in Reporting of Medicare Health Insurance Claim Numbers (HICNs) and Social Security Numbers (SSNs) for Non-Group Health Plan (NGHP) Responsible Reporting Entities (RREs)". The last five digits of Plaintiff Daniel J. McGraw's Social Security Number are in the attached letter of transmission.**

Daniel J. McGraw
3905 Sugar Bush Road, Lena, Wisconsin 54139.
September 15, 1947

Susan McGraw
3905 Sugar Bush Road, Lena, Wisconsin 54139
August 29, 1957

**Interrogatory No. 2:** Identify each and every person whom you believe has knowledge or information relating to any of your claimed damages or injuries allegedly suffered as a result of the incident that is the subject matter of this case.

ANSWER TO INTERROGATORY NO. 2:

Objection. This request is premature as discovery is still ongoing and Plaintiff Daniel J. McGraw continues to receive treatment for his accident related injuries. Subject to said objection and without waiving their right to supplement, Plaintiffs are aware of the following individuals:

Responding EMT
Crivitz Rescue Squad
1020 Henriette Avenue
Crivitz, WI 54114
(866) 950-4400

Onboard Medical Staff
Aegis Group d/b/a County Rescue Air
1765 Allouez Avenue
Green Bay, WI 54311
(920) 469-9779

Erin Mae Green, M.D.
John J. Pickens, M.D.
St. Vincent Hospital
835 S. Van Buren Street
Green Bay, WI 54301
(920) 433-0111

Mark Gardon, M.D.
2845 GreenBriar Road, Suite 330
Green Bay, WI 54311
(920) 288-8350

William Mallory, M.D. &

2

Richard S. Stein, M.D.
Bay Area Medical Center
3100 Shore Drive
Marinette, WI 54143
(715) 735-6621

Daniel L. Degroot, M.D.
Prevea Health Center
853 S. Main Street, Suite D
Oconto Falls, WI 54154-1241
(920) 496-4700

Terri Dama, P.T. a/k/a Terri Gasser, P.T.
Prevea Health Center
853 S. Main Street, Suite D
Oconto Falls, WI 54154-1241
(920) 496-4700

Kyle Makuck, P.T.
Prevea Health Center
853 S. Main Street, Suite D
Oconto Falls, WI 54154-1241
(920) 496-4700

Elizabeth Dobbins, P.T.
Bellin Health Oconto
820 Arbutus Avenue
Oconto, WI 54153-2004
(920) 836-1100

Susan McGraw
3905 Sugar Bush Road, Lena, Wisconsin 54139

Sue and Pete Cyganiak
9405 North Creek Lane
Lena, Wisconsin 54139

Tom Hupf
1233 Nature Trail Drive
Neenah, Wisconsin 54956

Anya and Chris McGraw
1081 Silver Birch Drive
Menasha, Wisconsin 54952

Pati and Lee Midlo
821 272nd Lane
Isanti Minnesota 55040

Michelle and Dan Thielen
18116 Buck Lake Circle
Prior Lake, Minnesota 55372

Kim and Patty Wright
Robson Ranch
10604 Countryside Drive
Denton, Texas 76207

**Interrogatory No. 3:** Identify each and every maintenance facility, and/or mechanic, FAA certified or otherwise, which has either performed maintenance or inspections on your aircraft, N246AK, during your ownership.

**ANSWER TO INTERROGATORY NO. 3:**

**All maintenance and inspections conducted on N246AK during my ownership is recorded in the N246AK logbooks.**

**Interrogatory No. 4:** For each mechanic or maintenance facility identified in response to Interrogatory No.3, to the best of your ability, state when they performed maintenance and/or inspections, and what maintenance and/or inspections were performed.

**ANSWER TO INTERROGATORY NO. 4:**

**The dates and summaries of all maintenance and inspections conducted on N246AK during my ownership is recorded in the N246AK logbooks.**

**Interrogatory No .5:** If you have personally performed any maintenance or inspection on your aircraft, N246AK, please state when and what maintenance and/or inspections you performed.

**ANSWER TO INTERROGATORY NO. 5:**

**I am not an FAA certified A&P mechanic nor the builder of N246AK. Therefore, I was**

**restricted on performing maintenance and not authorized to perform inspections. I did routinely clean the interior and exterior of N246AK and added engine oil. As a pilot, I conducted preflight inspections per the Lancair Pilot Operating Handbook and Airplane Flight Manual.**

**Interrogatory No. 6:** After your aircraft, N246AK, came out of its condition inspection on February 7, 2014, identify each and every time you are aware that its engine was started, run, attempted to run, or otherwise operated.

ANSWER TO INTERROGATORY NO. 6:

**I started N246AK twice on April 11, 2014, twice on April 24, 2014, and once on May 6, 2014.**

**Interrogatory No. 7:** Identify each and every fact upon which you rely in Paragraph 21 of your Complaint to assert that Superior Aviation performed an inadequate condition inspection.

ANSWER TO INTERROGATORY NO. 7:

**Objection. This interrogatory is overly broad, ambiguous, and unduly burdensome. It is also premature as discovery has just recently begun, and Plaintiffs are awaiting discovery responses from Defendants. Plaintiffs also object to the extent that this request calls for information that is protected work product. Subject to said objections, and without waiving any objections, see the Complaint which sets forth Plaintiffs' claims and the factual bases therefor.**

**Interrogatory No. 8:** Identify each and every fact upon which you rely in Paragraph 22 of your Complaint to assert that Superior Aviation failed to exercise ordinary care in performing maintenance and/or a condition inspection on your aircraft, N246AK.

ANSWER TO INTERROGATORY NO. 8:

Objection. This interrogatory is overly broad, ambiguous, and unduly burdensome. It is also premature as discovery has just recently begun, and Plaintiffs are awaiting discovery responses from Defendants. Plaintiffs also object to the extent that this request calls for information that is protected work product. Subject to said objections, and without waiving any objections, see the Complaint which sets forth Plaintiffs' claims and the factual bases therefor.

**Interrogatory No. 9:** Identify each and every fact upon which you rely in Paragraph 22 of your Complaint to assert that Superior Aviation failed to adequately inspect and repair your aircraft, N246AK.

**ANSWER TO INTERROGATORY NO. 9:**

Objection. This interrogatory is overly broad, ambiguous, and unduly burdensome. It is also premature as discovery has just recently begun, and Plaintiffs are awaiting discovery responses from Defendants. Plaintiffs also object to the extent that this request calls for information that is protected work product. Subject to said objections, and without waiving any objections, see the Complaint which sets forth Plaintiffs' claims and the factual bases therefor.

**Interrogatory No. 10:** Identify each and every fact upon which you rely in Paragraph 22 of your Complaint to assert that Superior Aviation failed to follow Lanciar's (sic) condition inspection checklist when performing a condition inspection on your aircraft, N246AK.

**ANSWER TO INTERROGATORY NO. 10:**

Objection. This interrogatory is overly broad, ambiguous, and unduly burdensome. It is also premature as discovery has just recently begun, and Plaintiffs are awaiting discovery responses from Defendants. Plaintiffs also object to the extent that this request calls for

6
Case 1:15-cv-01424-WCG   Filed 09/30/16   Page 7 of 17   Document 26-2

information that is protected work product. Subject to said objections, and without waiving any objections, see the Complaint which sets forth Plaintiffs' claims and the factual bases therefor.

**Interrogatory No. 11:** Identify each and every fact upon which you rely in Paragraph 22 of your Complaint to assert that Superior Aviation failed to exercise ordinary care in inspecting for line hose and clamp leaks on your aircraft, N246AK.

**ANSWER TO INTERROGATORY NO. 11:**

Objection. This interrogatory is overly broad, ambiguous, and unduly burdensome. It is also premature as discovery has just recently begun, and Plaintiffs are awaiting discovery responses from Defendants. Plaintiffs also object to the extent that this request calls for information that is protected work product. Subject to said objections, and without waiving any objections, see the Complaint which sets forth Plaintiffs' claims and the factual bases therefor.

**Interrogatory No. 12:** Identify each and every fact upon which you rely in Paragraph 22 of your Complaint to assert that Superior Aviation failed to refrain from acts or omissions in conducting its business so as to expose you to an unreasonable risk of bodily injury or death.

**ANSWER TO INTERROGATORY NO. 12:**

Objection. This interrogatory is overly broad, ambiguous, and unduly burdensome. It is also premature as discovery has just recently begun, and Plaintiffs are awaiting discovery responses from Defendants. Plaintiffs also object to the extent that this request calls for information that is protected work product. Subject to said objections, and without waiving any objections, see the Complaint which sets forth Plaintiffs' claims and the factual bases

therefor.

**Interrogatory No. 13:** Identify each and every document upon which you will rely in support of your responses to Interrogatories 7 through 13.

## ANSWER TO INTERROGATORY NO. 13:

**Objection. This interrogatory is overly broad, ambiguous, and unduly burdensome. It is also premature as discovery has just recently begun, and Plaintiffs are awaiting discovery responses from Defendants. Plaintiffs also object to the extent that this request calls for information that is protected work product. Subject to said objections and without waiving their right to supplement, Plaintiffs may rely on the following:**

**Lancair Pilot Operating Handbook**
**Airplane Flight Manual**
**N246AK logbooks**
**14 CFR Part 43 Appendix D**
**Yet unknown discovery documents to be produced by Defendants**

**Interrogatory No. 14:** Identify each and every fact upon which you rely in Paragraph 26 of your Complaint to assert that Superior Aviation acted maliciously or in intentional disregard of plaintiff's rights so as to warrant the imposition of punitive damages under Wis. Stat. sec. 895.043.

## ANSWER TO INTERROGATORY NO. 14:

**Objection. This interrogatory is overly broad, ambiguous, and unduly burdensome. It is also premature as discovery has just recently begun, and Plaintiffs are awaiting discovery responses from Defendants. Plaintiffs also object to the extent that this request calls for information that is protected work product. Subject to said objections, and without waiving any objections, see the Complaint which sets forth Plaintiffs' claims and the factual bases therefor.**

8

**Interrogatory No. 15:** In your own words, please describe the injuries you allegedly suffered as a result of the subject incident.

**ANSWER TO INTERROGATORY NO. 15:**

I suffered a severe spinal cord injury, a compression fracture of the T-12 vertebrae and severe bruising of my back, buttocks, legs and feet that have resulted in nerve damage, severe pain and suffering, muscle atrophy, walking difficulties, balance problems, sleeping problems, lack of bladder control, bowel movement problems and loss of marital intimacy.

**Interrogatory No. 16:** If you contend any of the injuries descried in Paragraph 15 are permanent in nature, please identify which injuries you allege are permanent and how they effect (sic) your daily living.

**ANSWER TO INTERROGATORY NO. 16:**

I have undergone two surgeries on my spine and extensive physical therapy. I have never experienced so much pain and suffering in my lifetime. There has been some improvement in my condition. For example, I learned how to walk again with limitations through an intensive physical therapy program. Overall, the injuries that I have suffered are permanent and will adversely affect my daily living for the rest of my life. I feel pain and discomfort daily in my back, buttock, legs and feet. The neurosurgeon told me that pain and discomfort caused by the spinal cord injury and fractured T-12 would be something that I would be dealing with for the remainder of my life. The extensive muscle atrophy, caused by my spinal cord injury, is evident and has weakened my back, buttocks, legs and feet. My buttocks look like deflated balloons. My right leg is larger than my left leg. The bottoms of my feet often feel like they are sunburned or that I am walking barefoot on gravel. I have developed hammer toe on my right foot. My buttocks, lower back and left

leg become painful when I sit for longer than an hour or so. I am often awakened from my sleep because of the pain in my back, legs and buttocks. I continue to receive physical therapy to remedy my recurring pain from muscle, skeletal and nerve problems along my spine and hips. Because of the injuries to my spinal cord, back, buttocks, legs and feet, I am unable to walk normally and often have difficulty with my balance. The physical therapist advised me not to walk on uneven surfaces without a cane or walking stick. He cautioned me about having a high risk of falling backwards if I lose my balance. Doing routine housekeeping and outside chores that require bending, lifting, pulling, stretching, reaching and pushing must be minimized because of pain, loss of strength, flexibility, endurance and balance. Going up and down stairs in the house is a challenge. Pain and/or discomfort follows extended physical activity and often requires a pain pill to relieve the pain.

Prior to my injuries, I was an avid runner and would run approximately 15-20 miles per week for exercise and fun. I could run a 5K or 3.1 miles in 30 minutes at the age of 66. I enjoyed running in the Green Bay Packers 5K. Because of my injuries I will not run or jog again.

I am an FAA Certificated Commercial Pilot and FAA Certificated Flight Instructor. Because of my injuries, I will not be able to pass an FAA Medical Examination and exercise the privileges of those certificates or even those of a Private Pilot. I will never fly again as a pilot because of my injuries.

As a result of my injuries, my bladder control has been greatly diminished. After my

injuries and following surgery, I had to use a catheter with a urine collection bag 24 hours a day because my bladder would not empty normally. The rehab doctor told me that spinal injuries often result in bladder problems and the inability to void. Later in my rehab I was directed to begin inserting a catheter into my bladder myself every 4 hours to empty the bladder. Sometime, I would need the assistance from a nurse or my wife because of the pain and discomfort. A few months after leaving the hospital, I was standing in the living room of my home, and without warning, I began urinating on the floor. I visited a urologist and was told that my bladder is voiding only half the urine it should be voiding. The other half of the urine is being retained in my bladder as residual. He also mentioned that my bladder gives little warning before voiding because it cannot sense that it is getting full. My bladder simply fills to a point and voids with little warning. This gives me about a minute or so to get to a bathroom. I cannot hold back the urine flow. During another visit, I was told by the urologist that there is nothing he can do to fix my bladder problem because it is being caused by the spinal injury. I was instructed to stop routinely using the catheter when at home and just use the bathroom when I sensed the need to urinate. By doing so, I would only be voiding about 50% of the urine in my bladder and retaining the other 50%. However, discontinuing the routine use of the catheter would significantly reduce the possibility of getting serious bladder infections. I have followed the urologist's instructions, but it causes frequent trips to the bathroom day and night. I make significantly more trips daily to the bathroom now than I did prior to my injuries. It can be very annoying and frustrating. However, if I must travel anywhere in the car, I use the catheter to empty my bladder before leaving, because I do not want to accidentally urinate in my pants while in the car or in public. Emptying my bladder with the catheter gives me an average of three

hours before my bladder tries to void. Having just a three hour window noticeably reduces the time that I have to go places or do things such as: visiting friends, shopping, traveling, going out with my family, attending weddings and funerals, going to medical appointments, participating in veterans events, going to sporting events and attending social events. I always carry catheters, lubrication, sanitary wipes and a urine bottle when I expect to be away for more than three hours. There have been times when it was necessary to use a public restroom to insert the catheter and empty my bladder. This has always been an unsanitary and embarrassing experience. It is a very unpleasant experience to insert a catheter. The bladder control problems have adversely affected my daily life and are permanent.

During my rehab in the hospital, I had difficulty with bowel movements. Following surgery, my bowels would not move without the aid of drugs, laxatives, stool softeners and suppositories. When I finally started to have unaided bowel movements they were very difficult and uncomfortable. The rehab doctor said that my bowel movements could remain difficult in the future because of my spinal injury. My bowel movements and the release of stool have remained very difficult and uncomfortable. There is usually a feeling of constipation and cramps. It requires concentrated straining effort to push and release the stool. It is not easy. The doctors advised me to maintain a healthy high fiber diet and drink a lot of water. I have done so. My buttocks and what my physical therapists call the saddle (the area between my scrotum and anus) were subjected to tremendous impact forces during the crash. They were deeply bruised. My saddle area remains numb. Normal and comfortable bowel movements will not return.

My wife and I have not been able to have an intimate marital relationship since the accident. During my rehab in the hospital the doctor had a discussion with my wife and I regarding the problems I could have obtaining an erection because of my spinal injury. I am unable to have an erection. The condition of not being able to have an intimate physical relationship with my wife is permanent. Additionally, my wife has been my caregiver since leaving the hospital and has dealt with unquantifiable adversity since my accident. My wife and I have been stretched to our limits emotionally and physically. However, we are working together to deal with the current and long term life changes caused by this accident.

**Interrogatory No. 17:** State the name and address of each doctor, health care provider, or health care facility, including psychologists, psychiatrists, social workers, or counselors, from which you sought or are currently seeking treatment including the dates of treatment and the type of treatment sought.

**ANSWER TO INTERROGATORY NO. 17:**

See Plaintiffs' Rule 26(a)(1) disclosures along with Plaintiffs' answer to Interrogatory No. 2.

## DOCUMENT REQUEST

All responsive documents are available for inspection at the offices of Plaintiffs' Counsel.

**Request No. 1:** Produce any and all records in your possession upon which you will rely to support your alleged damages.

**ANSWER TO REQUEST NO. 1:**

Objection. This request is premature as Plaintiffs' damages accrue daily. Additionally, Defendants have executed authorizations to obtain Plaintiff's medical records and bills. Subject to said objection, Plaintiffs will make all medical records and itemized billing

13

statements in their possession available for inspection by Defendants.

**Request No. 2:** Produce any and all documents identified and/or relied up in responding to the above Interrogatories.

**ANSWER TO REQUEST NO. 2:**

**Objection. This request seeks protected work product. Subject to said objection, no responsive documents are being withheld.**

**Request No. 3:** Produce any and all logbooks in your possession for you aircraft, N246AK, including, but not limited to, airframe logbooks, engine logbooks, and/or propeller logbooks.

**ANSWER TO REQUEST NO. 3:**

**Copies of all logbooks in Plaintiffs' possession are attached hereto.**

**Request No. 4:** Produce any and all maintenance records in your possession relating to your aircraft, N246AK, for the ten (10) years prior to the alleged incident that is the subject matter of this case.

**ANSWER TO REQUEST NO. 4:**

**Copies of all maintenance records in Plaintiffs' possession are attached hereto.**

**Request No. 5:** Produce your aircraft, N246AK's, Pilot's Operating Handbook, Airplane Flight Manual, or their equivalent.

**ANSWER TO REQUEST NO. 5:**

**Copies of N246AK's Pilot's Operating Handbook and Airplane Flight Manual are attached hereto.**

**Request No. 6:** Produce any and all checklists in your possession that relate to the operation and/or maintenance of your aircraft, N246AK.

**ANSWER TO REQUEST NO. 6:**

**Checklists relating to the maintenance and operation of N246AK are included in the responsive documents to Request No. 5.**

Request No. 7: Produce any and all documents in your possession that relate to your aircraft, N246AK's, emergency procedures.

**ANSWER TO REQUEST NO. 7:**

**Emergency procedures are included in the responsive documents to Request No. 5.**

Request No. 8: Produce any and all documents in your possession relating to build and/or manufacturing of the aircraft and the issuance of its special airworthiness certification.

**ANSWER TO REQUEST NO. 8:**

See attached.

Request No. 9: Produce your pilot's Logbook.

**ANSWER TO REQUEST NO. 9:**

**Plaintiff's pilot logbook will be produced upon receipt.**

Request No. 10: Produce signed copies of the attached is blank medical authorizations and please fill in your date of birth and social security number on each.

**ANSWER TO REQUEST NO. 10:**

See attached.

Request No. 11: Produce any and all documents referenced in your Rule 26(a)(l) Initial Disclosures.

**ANSWER TO REQUEST NO. 11:**

**All documents listed in Plaintiffs' rule 26(a)(1) Initial Disclosures, in Plaintiffs' possession, will be made available for inspection.**

AS TO ANSWERS:

BY: _____
DANIEL MCGRAW

Subscribed and sworn to before me
this *18th* day of *April*, 2016.

*Lori Maguin*
Notary Public, State of Wisconsin
My commission expires 3/27/2*0*

AS TO OBJECTIONS:

Dated at Milwaukee, Wisconsin this *18* day of *April*, 2016.

THE COCHRAN FIRM - WISCONSIN LLP
Attorneys for Plaintiffs

BY: _____
Willard P. Techmeier, Esq.
State Bar No.: 1014112

P.O. Address:
*The Renaissance on Water*
309 N. Water Street, Suite 160
Milwaukee, WI 53202
Phone: (414) 223-1050
Fax: (414) 223-4355
Email: wtechmeier@techmeier.com

16